# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID ALTSTATT, SR., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0401-HE |
| | ) | |
| STATE OF OKLAHOMA *ex rel.* | ) | |
| BUSINESS ENTERPRISE PROGRAM, | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| REHABILITATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff David Altstatt filed this action in state court against the State of Oklahoma *ex rel.* Business Enterprise Program, Oklahoma Department of Rehabilitation Services ("ODRS"), seeking review of a final agency order pursuant to the Oklahoma Administrative Procedures Act. ODRS removed the action, asserting that this court has subject matter jurisdiction because the action arises under a federal statute, the Randolph-Sheppard Act ("RSA"), 20 U.S.C. § 107 *et seq*. Defendant then filed a motion to dismiss, asserting plaintiff has failed to exhaust his administrative remedies under the RSA.[1]

This dispute concerns a food service contract at the Fort Sill Army post in Lawton Oklahoma ("Fort Sill contract"). The case is governed by the RSA, which provides that blind persons licensed by a state agency (here ODRS) must be given priority to operate vending

---

[1]Documents and their exhibits are identified by their CM/ECF document and page number. For example, page 4 of Exhibit 2 to defendant's notice and petition of removal is identified as Doc.# 1 -2, p. 4.)

facilities on federal property.² *See* 20 U.S.C. §§ 107(b), 107a(b) ; 7 Okla. Stat. § 71. In situations involving large contracts, like the Fort Sill contract, ODRS must first be awarded the contract by the federal property manager. It then operates that contract through the blind licensed manager it selects. Plaintiff challenges ODRS's selection of another licensed manager for the Fort Sill contract.

The RSA provides that "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program may submit to a State licensing agency a request for a full evidentiary hearing, which shall be provided by such agency." 20 U.S.C.§ 107d-1(a). If dissatisfied with the agency's decision after the hearing, the blind licensee may file a complaint with the Secretary of Education, "who shall convene a panel to arbitrate the dispute." *Id*. The decision of the arbitration panel is "subject to appeal and review as a final agency action for purposes of [the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*]." 20 U.S.C. §107d-2(a).

The court will not recite the procedural history of this case, which is undisputed, detailed in the parties' briefs, and involves two evidentiary hearings and at least one final decision of ODRS. It will note, though, that this is not plaintiff's first lawsuit regarding the Fort Sill contract. Plaintiff and Altstatt Services, L.L.C. ³ previously sued ODRS and the

---

²*The Act provides that "[f]or the purposes of providing blind persons with remunerative employment, enlarging the economic opportunities of the blind, and stimulating the blind to greater efforts in striving to make themselves self-supporting, blind persons licensed under the provisions of this chapter shall be authorized to operate vending facilities on any Federal property." 20 U.S.C. § 107(a).*

³*David Altstatt, Sr. owns and operates Altstatt Services L.L.C.*

2

operations manager of the Business Enterprise Program,[4] based on their nonselection for the military contract.[5] In that action, Altstatt Servs., L.L.C. v. Oklahoma ex rel. Oklahoma Dep't of Soc. Servs., No. 13-345-HE (W.D. Okla. April 10, 2013), the plaintiffs claimed their constitutional rights had been violated.[6] The court dismissed the case on June 10, 2013, due to plaintiffs' failure to exhaust their administrative remedies under the RSA. Altstatt Servs., L.L.C. v. Oklahoma ex rel. Oklahoma Dep't of Soc. Servs., 2013 WL 2536673 (W.D. Okla. June 10, 2013).[7]

Plaintiff then proceeded with the administrative process. An evidentiary hearing was held in February 2014 regarding ODRS's selection of Robert Brown, rather than plaintiff, as both the interim and permanent licensed blind vendor for the Fort Sill contract. Doc. 1-2, p. 13. The state hearing officer issued a written report on March 4, 2014, finding that the "permanent selection of Robert Brown for the Fort Sill facility complied with the applicable regulations and due process. *Id.* On March 11, 2014, ODRS issued its Final Written Decision, concurring with the hearing officer's decision, *id.,* and six days later, plaintiff filed a request for arbitration with the Department of Education, citing Okla. Admin. Code

---

[4]*The Business Enterprise Program is the program within ODRS which, among other things, manages the vendor program on behalf of ODRS.*

[5]*It, too, was filed initially in state court and then was removed to federal court.*

[6]*Although both Altstatt Services and David Altstatt filed the initial lawsuit, at some point Altstatt Services was no longer involved in challenging the selection of another blind vendor for the Fort Sill contract.*

[7]*Plaintiff actually had already started the exhaustion process mandated by the RSA by requesting an evidentiary hearing before ODRS, before he and Altstatt Services filed the first lawsuit.*

§612:25-4-75; 20 U.S.C. § 107d-1 and § 107d-2; and 34 C.F.R. § 395.13. Doc. #4-4, p. 1 However, rather than waiting until the completion of the arbitration process, plaintiff filed this action in state court, asserting that ODRS's decision was, "[u]nder the Oklahoma Administrative Procedures Act . . . an appealable final agency order and subject matter jurisdiction [was] properly before [the District Court of Oklahoma County]." Doc. #1-2, p. 2.

Defendant argues that plaintiff, by seeking direct judicial review of ODRS's decision, while simultaneously seeking to arbitrate the claim, is not following the grievance resolution process mandated by the RSA. The court agrees.

Plaintiff asserts that he does not have to exhaust administrative remedies under the RSA because "ODRS is estopped to deny that the Oklahoma Administrative Procedures Act governs this dispute." Doc. #6, p. 4. However, the statements of defense counsel that plaintiff relies on, made during the evidentiary hearing, Doc. #6-1, pp. 3-4, do not demonstrate that defendant "recognized and argued that the Oklahoma Administrative Procedures Act governed the proceeding." Doc. #6, p. 4. Even if they could be so construed, plaintiff cites no authority for his attempt to circumvent the grievance process established by the RSA. As this court noted in its prior decision, courts have consistently held that exhaustion of the RSA's dispute resolution procedure is mandatory. *See, e.g.,* Ky., Educ. Cabinet, Dep't for the Blind v. United States, 424 F.3d 1222, 1228-29 (Fed. Cir. 2005); Fillinger v. Cleveland Soc'y for the Blind, 587 F.2d 336, 338 (6th Cir. 1978) ("Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors

clearly evidences a policy judgment . . . that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.").

In a supplement to his response brief, plaintiff asserts that the matter should be remanded to state court because the U.S. Department of Education has advised a U.S. Senator that it is unsure it has authority to settle matters raised by plaintiff's administrative appeals. However, the May 29, 2014 letter plaintiff relies on, from U.S. Senator Tom Coburn, does not demonstrate that exhaustion should be excused because it would be futile. *See* Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 107 (D.C. Cir. 1986). The letter merely states that the department is "still reviewing the inquiry to determine if the Agency has authority to settle any matters regarding Mr. Alstatt's [sic] Complaint and Request for Arbitration and Stay against the Oklahoma Department of Rehabilitation Services (ODRS)." Doc. 7-1, p. 2. Attached to defendant's reply is an email from the Department of Education, dated June 4, 2014, which indicates that the department is, in fact, proceeding with plaintiff's arbitration request. Doc. #8-1, p. 2.[8]

As plaintiff has not completed the arbitration process or shown that exhaustion of his administrative remedies under the RSA should be excused, the court concludes this case should be dismissed. Plaintiff requested that, in lieu of dismissal, the action be stayed pending resolution of the arbitration process. However, as this is plaintiff's second attempt to circumvent the administrative exhaustion process, despite the court's prior decision that

---

[8]*Because the letter does not demonstrate that exhaustion would be futile, the court has not addressed the effect of its being unauthenticated. Defendant also failed to authenticate its exhibit.*

exhaustion was mandatory, and he cites no authority that a stay, rather than dismissal, is required, the court concludes that dismissal is appropriate.

Accordingly, defendants' motion to dismiss [Doc. #4] is **GRANTED** and this is case **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE